Once again, good morning. I'm this time representing Mr. Murillo as the appellant on a ruling against him by summary judgment. I'll reserve three minutes of my time for rebuttal. I want to boil it down to what I think is probably the most egregious violation of Rule 56. When a plaintiff says that he's not drunk and he presents evidence that he was not drunk, and he can support that with his own testimony and a video tape and a booking photograph and jail records, all of which reflect on that issue. Well, okay. I think we know what the, you know, okay, he was found not guilty. All right, we get there on that. But in terms of what the officers are confronted with at that particular time, we have a person that's been drinking, that's in a fight. There's an argument going on about a taxi. We don't know who started it or whatever, but we know that there's an argument. And then your client says that he's an LAPD officer, but he has no ID. And when he's patted down, he has a gun. Now, why don't we want, why wouldn't a reasonable officer think that that's a recipe for disaster and that you don't have to, the officer, it's undisputed he has no ID. And so why do you have to accept that he really is, in fact, an LAPD officer? When he's drinking, he's in an argument with someone, and it's a person that has a gun. Why can't the, why don't the police have probable cause to arrest someone? Because the officers who sought the summary judgment motion claimed that that statement was never made. And in testing whether or not there's a dispute in facts or their state of mind for qualified immunity purposes, it's their knowledge that counts. Mr. Marullo, Officer Marullo, explained that when the officer Jones walked up to him. So when they state that what was never said? That he'd identified himself as a policeman, that he had a weapon on him. That's Mr. Marullo's statement. The officers don't come to the court and say, he said those things to me and therefore we had probable cause. They say they found the gun after the arrest. Precisely. What happened?  And he gets 30 feet away, and he makes this smart aleck remark about Wal-Mart security, and according to every witness that the trial court had before it, that's when they decide to go rush after him and grab him and pat him down and find the weapon. So as to the weapons charge, the 1202 probable cause, the officers didn't come forward with what, in fact, they eschewed their knowledge that would give them both qualified immunity and probable cause. As to Mr. Marullo's intoxication level, there was abundant evidence that he was not in violation of 647F, and for summary judgment purposes, the trial court can't... But how do you really know, how do you know that at the time? I mean, it's undisputed that he smelled of alcohol. Yes. It's undisputed that he had been drinking. Yes. It's undisputed that there's this argument going on about this taxi. That doesn't make a violation of law. Well, it doesn't. It may not make him guilty of 647F ultimately, but if you... But, I mean, there's certain indications that you can't care for yourself or others when you're drunk and you're out arguing in a public place. Well, we have evidence from Officer Jones himself in the record before the trial court that said under those circumstances, HBD, which is the common vernacular the police use, had been drinking, is not a violation of law. And the mere fact that there was this dispute going on with the taxi cab and the officers walked up, they had no reason to believe Marullo was intoxicated at that time. The simple thing to do was to start to talk to them. Ask them a question. That doesn't amount to probable cause. They deal with people who have consumed alcohol everywhere. At places like that, and the version the trial court would allow to this is they ignored the element of 647F, or it did, with respect to the element, the necessary element, that a person under the influence of alcohol in a public place has to exhibit some behavior that puts that person in danger or others in danger. Trial court in this case ignored that. He literally, in getting in arguments when you're carrying a gun, that puts other people in danger. It sounds awful if you look at it that way, but that's not what came out at the trial court, and it wouldn't be what came out of a trial. The police officer told the other fellow that he was a police officer immediately. If the defendant wants to come to court and say, I had probable cause to arrest him because I thought he was drunk, they didn't do that, or I had probable cause to arrest him because he informed me he was armed, then that's fine. Or he didn't have an ID. There's no evidence in the front of the court that they even asked for an ID. So you have to, as counsel of the defendants point out, and the law is, you've got to look into that officer's head. And when you look into that officer's head, you look at the state of the record before the trial court, and, you know, you can't get probable cause out of facts that are developed after the seizure, which is the gun issue. On the 148A1, the alleged violation, did Mr. Marullo move when he was ordered by the police? Yes, he did. In fact, he moved 30 feet north and got to the Bank of America building where the evidence showed that Officer Saylor ran to him by every account and grabbed him from behind, threw him against the building, and wrenched him into an arm lock, and then handcuffed him. That's how he obeyed that order. He didn't go anywhere. In fact, he was walking away with Officer Knight, who was actually his partner that evening, and made this stupid Walmart remark, and that's what inspired this arrest. It had nothing at all to do with 148, the weapon charge, the 647F, none of it. And the plaintiff should have been entitled to get past the summary judgment motion on the merits and against qualified immunity if he took the facts as the plaintiff put them forward and supported with abundant evidence. And to prove that the officers were manufacturing this to hide the First Amendment violation, he had evidence that exculpates him on the 647F charge a million ways. The booking photograph shows no objective symptoms. The videotape shows no objective symptoms. It's a perfect piece of evidence that anyone looking at would say, if this man was- Okay, but that's all comes after, right? I mean, don't we have to confine what happened before he gets arrested? Well, yes, but isn't that an issue? Isn't that a disputed issue? In fact, he says, I'm not drunk, and here's the evidence to prove it. You have my word on the subject, and it's not my word I'm asking you to look at. Here's the other things that would tell you whether I'm right or I'm wrong. I think that's why he's not guilty. I don't think that things that happen after are what we assess getting into the probable cause. Well, I beg to differ because the probable cause issue has to have a good-faith belief that this man is in violation of substance subdivision F, and he can't be if he's not intoxicated. That's the cardinal part of it. Well, he had been drinking. He had been drinking. To what level? We know that the jury found him not guilty. They didn't believe he was 647F. Right. Well, probable cause for the 647F has to determine on whether this person presents himself as a drunk. Look, you can't say that if, in fact, he was not intoxicated, they can't have probable cause. That's silly. You know you can't say that. Suppose he's staggering around. He had one drink, and he's staggering around because he happens to have a mental condition that makes him stagger around. He's staggering around. He's falling down. He's screaming and yelling. He's got X syndrome that causes him to scream and yell. He may not be drunk, but he sure may look drunk. Wait a minute. He sure may act drunk. So it really isn't an answer. Well, he wasn't drunk, and therefore they couldn't have probable cause. That's not how it works. Well, I respectfully would disagree because if under the circumstances presented by that hypothetical, the officers came upon this man, and he did not have the scent of alcohol on him, he could be diabetic. He did. We just said he had the scent of alcohol on him. That's part of the hypo. That's not making the crime. That's exactly my point. Okay. I understand. There's a duty to look into it, even by asking the ordinary question. Why don't you save the balance for your rebuttal? I understand. You may want to save that. Good morning again, ladies and gentlemen of the panel. Good morning. Good morning. All right. Give us your facts that say you had probable cause, your best facts. Your Honor, we had facts under any number of crimes. Plaintiff admits. From the record. Yes. Plaintiff. From argument. Yes. Plaintiff admits that he smelled of alcohol at the time. He also admits that he was verbally quarreling with a private citizen. Mr. Hamad was trying to use a public way to enter a cab, which is the other part of 647F. That was probable cause. Those two facts. But was there any evidence of interference in the street? I know that's what the district court relied on. But the question is, what was in the record showing that there was some blockage or interference? Well, Mr. Hamad was attempting to enter the taxi cab, and plaintiff was saying, no, you're not going to do that. I am now going to quarrel with you. They blocked him from getting into the cab. Whether or not that's something the DA wanted to file, whether there was proof beyond a reasonable doubt is another matter for another day. But as one of the members of the panel pointed out, that's not the function of law enforcement. The function of law enforcement is to assess whether or not there is probable cause, which is a fraud. What do you do with the problem? We're not going to deal with a gun. Don't deal with me, anyway, at this moment, because of the way the record came out. What do you do with the fact that the officer shoves him, he doesn't shove back, according to the record. He turns and he walks away. He's walking down the street, and the officer runs up from behind him, grabs him, and arrests him. Now, what do we do with that in terms of cause to arrest? Your Honor, what those facts have to do with anything, the shove, what that has to do with, as regards to anything, is an excessive force claim. Excuse me? Is an excessive force claim. I'm not talking about the excessive force. Right. I'm talking about the fact that the officers are there to cool the situation down, to take care of everything. This guy, this third party, has tried to cut the line. If there's a big line waiting for taxis, this guy figures, I'm going to cut the line and get in. Our guy who's been waiting in line says, Marillo says, hey, wait a minute, buddy, you're not going to cut the line. Something that gets most people frustrated when someone tries to cut in a big, long line. All right. So he says that. The officer comes running up and says to Marillo, you get out of here. You get out of this place and get away and gives him a push. Marillo sounds off, like, because he's got a smart mouth and tells the officer, well, you know, you ought to be back at Wal-Mart doing your work. Whatever did he tell him? Turns around, walks away. He's walking away. The officer runs up behind him and grabs him. I'm not talking about excessive force. I'm talking about, what's the officer doing? What's he arresting him for at that moment? Your Honor, I would say at that point the probable cause to arrest for 647F is complete. It is complete. And the shove itself, if anything, that would have to do with an excessive force claim, which plaintiff and LAPD officer admitted he did not have an excessive force claim based on his own training and experience. Did I say excessive force? I don't think I said excessive force. Right. I said, he is, the officer is trying to cool the situation. This person's bad-mouthed him and is leaving. And the officer charged up behind him and arrests him. And I'm saying, why? What's he being, where is the cause to arrest him at that point? Well, I think all that we can look at are the facts that are known. And the facts that are known is that there has been a quarrel with a private citizen that the officer has witnessed. There is alcohol on board, at least according to the owner, the owner, the odor that plaintiff admits was present emanating from his person. Those are the two elements I would submit that we need to effect an arrest under PC 647F. So all you need for an arrest under 647 is you've had a drink, so there's alcohol, and you're having a quarrel with somebody, right? And you can be arrested under 647 because that demonstrates probable cause to think you're a threat or you're unable to take care of yourself. Is that correct? That's your position. Is that right? That's one part of 647F. The part that I'm focusing on is the blocking of the public way. Oh, I thought you said something about alcohol. What's alcohol? Well, I think even under that section, it requires under the influence of intoxicating liquor, blocking another from free use of any street, sidewalk, or public way. So the officer comes up, and what's happened is that pretty clearly, because all the other people were around telling them that, everybody's in line. Somebody has tried to grab the cab out of line, and Murillo says, no, you don't. That plus alcohol on your breath, that's enough for probable cause for arrest. Correct? Yes. On your view. What do your officers, as opposed to the plaintiff officer, what do your officers say that Murillo said about being a cop, having a gun? What do they say he said? Your Honor, they say that he did indicate that he was an officer. And the point that plaintiff's counsel makes about the officers not hearing anything and not knowing anything, that was just one of the two officers, Jones. They say nothing about the other officer. And that combined, I don't know why he didn't ask about that. I don't know why he did not try to negate that. And so we have one arresting officer, Saylor, combined with plaintiff's admission that he said right off the bat, I am an LAPD officer. I have a gun in my waistband. That would be the concealed weapons charge. Plaintiff needs to create a tribal issue of material fact. Well, but I guess from if, but then plaintiff says he was allowed to walk away. So doesn't that, I mean that's, we have to take that as true. Yes, yes. So obviously at the point that when they said he was allowed, when he was allowed to walk away, the officer, wouldn't the argument then be the officer didn't, the officer should have arrested him right there. Why would you allow someone to walk away? Well, that would be an argument to make, but the counter argument is plaintiff's admissions mean something. Well, but is it undisputed that he was allowed to walk away and then they chased him? That is the way that it happened. Okay. That is the way that it happened. Also, when plaintiff was under arrest, when he was arrested, we had enough facts to make an arrest about his quarrel about the cab. Plaintiff admits that there are many voices raised. It was extremely loud, including from plaintiff's own voice. The plaintiff says to Mr. Hamad, by his own admission, there is an effing line and I'm going to get in the cab right now. So was the Walmart comment that this, you know, was that made as he was walking away? I think that there is a question about when exactly in the sequence that it was made. In the most favorable to the plaintiff. And the most favorable to the plaintiff, it was said, as he was walking away. But, and this is a point that hasn't been briefed up by the plaintiffs, not really developed in this briefing, but if where he's trying to go with that is a First Amendment retaliation claim, I think the existence of probable cause is going to vitiate wherever that claim is. It is a derivative claim. The plaintiff, no matter where he wants to go with this body of facts, has got to show at the outset there was no probable cause to arrest me. And by his own admission, there was. What plaintiff's counsel seems to be addressing in front of the panel is a closing statement he would make to a jury in a criminal case. But that's not where we are. These are officers who are out in the field that are assessing facts as to whether or not there's enough probable cause for me to stop this. Time out. Bring this individual in front of a judge, a DA, and let's have a prelim. Let's do all the other safeguards that have been built into our system to see if there's enough to go to trial. The officers did the right thing here based on all the words that were being spoken, all the fighting that was going on, the evident smell of alcohol that was going on here. The officers had a variety of tools that were available to them, including 415. Well, what if I make the plaintiff's best argument to say, hey, look, they knew they didn't have, you know, they knew they didn't have any, you know, they were letting me walk away, you know. So let's assume maybe that they did have probable cause. But in their minds, they knew that they didn't, so they were letting me walk away. Then he smarts off, and so things go downhill from there. Well, if the officers thought that they didn't have probable cause when they let him walk away, there's nothing more that happens after that that gives them probable cause. They either had it at that time or not. Now, I mean, your argument could be they had it, but on a, you know, you don't always have to arrest people just because you can arrest people. You can handle things otherwise. So they either had it at this point or they didn't have it at that point. Right? Your Honor, that is right. And I think that the court's point about just because probable cause is present, there's no rule that says we have to make an arrest, apply handcuffs and bring somebody to jail every single time that we see facts that would give rise to a crime. But now that plaintiff has brought a civil suit saying, I am here because I want money because there was actually no reason for any of this to happen to me, now the officers do get to stand up and say, not that we made an arrest because that's not the test. The test is could we have made an arrest based on these various sections. I think we have your argument. Unless there's further questions, your time is up. Your Honor, thank you. All right. Thank you. This matter will then stand submitted. Did you have any rebuttal? I did. Would you like rebuttal? I'm sorry. Yes. Then you get what you're entitled to. What I want to address is this issue that the trial court adopted that neither party presented, and that's the element of 647F that's the alternative to the inability to care for one's safety. Well, but I guess the thing is you have to evaluate it up to that point. And let's say if, you know, you don't have to arrest everyone. They do have discretion. You know, just like you don't always have to give someone a ticket. A person can be guilty. You don't have to give them the ticket. And you might decide, well, I'm not going to give them the ticket. But then when they say the Walmart thing, well, you know what, now you're going to get what you deserved in the first place. I was going to exercise my discretion one way and let you just walk away and, you know, but now, oh, no. Well, I see your point. But I also would make it plain that in the summary judgment motion, the trial court asked the candidate to take the facts as they're presented. And in this case, the plainest version of the facts is what controlled. And the officers didn't come forward with the evidence that they should have come forward for to determine probable cause. Mr. Marullo's statements and admissions about the fact that he consumed a couple of cocktails in the previous two and a half hours does not amount to probable cause. The fact that he was arguing with Mr. Marullo, I mean with Mr. Hamad about the taxicab stand, does not make it an impediment by reason of intoxication of a public thoroughfare. And yet that's how we lost the motion. And that's not right. The court can't reach out and develop facts for itself that we had no opportunity to answer and weren't supported by the record or advanced by anyone else. That's an overreaching in my view. And probable cause without that element, one of the three, is necessary. You need the sidewalk or the obstruction or you need conduct that gets in the way of a reasonable person's ability to take care of their safety. And you need a public place and you need intoxication. Without all four, you don't have probable cause. All right. Thank you for your argument.
judges: Fernandez, Callahan, Ikuta